IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MARCUS WHITEHEAD**                                                                         **PETITIONER**

**VERSUS**                          **CIVIL ACTION NO. 3:08CV05 WHB-LRA**

**RAYMOND BYRD**                                                           **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Marcus Whitehead was convicted of two counts of aggravated assault in the Circuit Court of Hinds County, Mississippi. On May 12, 2005, he was sentenced to serve 20 consecutive years on each count in the custody of the Mississippi Department of Corrections. He now seeks federal habeas relief under 28 U.S.C. §2254. Upon review of the entire record, the Court has determined that Petitioner is not entitled to federal habeas relief, and recommends his petition be denied and dismissed with prejudice.

**Factual and Procedural Background**

Petitioner was convicted of stabbing Tikeshia Land and her daughter, Dominique. The Mississippi Court of Appeals describes the relevant facts as follows:

> Around 3:00 a.m. on November 8, 2003, Dominique Land, Tikeshia Land's daughter, alerted Tikeshia that someone was "pounding" on the door of their apartment at the North Colony Apartment complex in Jackson, Mississippi. Tikeshia opened the door and discovered it was Whitehead. She allowed him to enter.[1] Once inside, Whitehead asked for some water and went into the kitchen to get the water. In the meantime, Tikeshia sat on the couch and instructed Dominique to return to bed. When Whitehead returned from the kitchen, he began to stab Tikeshia in the neck with a knife. Dominique heard her mother's screams and came to her

---

[1] Whitehead and Tikeshia had been involved in a relationship for several weeks.

> rescue by jumping on Whitehead's back in an effort to stop him from stabbing her mother. Whitehead threw Dominique across the room and at some point stabbed her in the eye.

*Whitehead v. State*, 967 So. 2d 56, 58 (Miss. Ct. App. 2007).

Tikeshia tried to run, but he followed her outside and continued stabbing her. At some point after the attack, Petitioner contacted his girlfriend, Andrea Howard, to pick him up near the complex.

At trial, Tikeshia and Dominique both testified that Whitehead was the person who stabbed them. Petitioner, however, claimed that Tikeshia attacked him and they struggled. He also denied assaulting her daughter, and despite testimony from witnesses who testified that they saw a man matching his description chasing a woman in the parking lot of the apartment complex, Petitioner claimed it was he who ran from Tikeshia.[2]

Petitioner was convicted of aggravated assault of both Tikeshia and Dominique. Both convictions were later affirmed in a written opinion by the Mississippi Court of Appeals. *Id.* On direct appeal, Petitioner argued prosecutorial misconduct violated his rights to due process and a fair trial; he also contended the trial court abused its discretion in overruling his objections and denying his motion for a mistrial. Each of the claims is alleged in the instant petition and was denied by the appeals court on the merits. On October 25, 2007, the Mississippi Supreme Court denied Whitehead's petition for writ of certiorari.

---

[2] ECF No. 10-4, p. 31.

2

**Standard of Review**

This Court's review of Petitioner's claims for federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Under the Act, this Court cannot grant a petitioner federal habeas corpus relief for any claim that was adjudicated on the merits in a state court proceeding, unless the adjudication:

> (1) resulted in a decision that was **contrary to, or involved an unreasonable application of, clearly established Federal law**, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an **unreasonable determination of the facts in light of the evidence** presented in the State court proceeding.

(Emphasis added) 28 U.S.C. § 2254(d).

Under the first prong, the clauses "contrary to" and "unreasonable application of" are independent bases for granting federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court's decision is "contrary to" federal law if it contradicts Supreme Court precedent or reaches a different result on materially indistinguishable facts. *Id*. Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court "correctly identifies the governing legal principle" but then "unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685, 694 (2002). The state court's decision must be objectively unreasonable, not merely erroneous or incorrect. *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

AEDPA's second prong requires that federal courts defer to a state court's factual determinations unless it is based on an "unreasonable determination of the facts in light of

3

the evidence presented in the State court proceeding." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Deference is critical because federal courts have no authority to grant habeas corpus relief simply because "we conclude, in our independent judgment, that a state supreme court's application of [federal] law is erroneous or incorrect." *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002). Thus, we presume the state court's determination of a factual issue is correct, unless a petitioner rebuts the presumption with clear and convincing evidence. 28 U.S. C. §2254 (e)(1).

## Grounds for Federal Habeas Relief

Petitioner asserts, as he did in state court, four claims of prosecutorial misconduct that he contends, in conjunction with the trial court's refusal to grant his motions for mistrial, violated his right to a fair trial.[3] Specifically, he argues that the prosecutor made

---

[3] Petitioner raises the following claims for relief (as stated by Petitioner):

> 1. Denial of due process right to a fair trial when prosecutor told jury Defendant refused to answer questions after receiving Miranda warnings.
>
> 2. Trial court abused its discretion in overruling objections and motion for mistrial after the prosecutor's patently improper examination of state's witness.
>
> 3. Denied right to fair trial due to cumulative effect of pervasive improprieties by the prosecutor during opening statements and during cross-examination of petitioner.
>
> 4. Denial of fair trial and due process by the

4

remarks during her opening and closing statements, the direct-examination of state witness, Andrea Howard, and the cross-examination of Petitioner, which were inflammatory and prejudicial, and violated his right to remain silent as well as the rules of evidence.  For these reasons, he requests federal relief.

---

> impermissible, inflammatory and prejudicial argument during closing by the prosecutor, including:
>
> A. Wilful use of wrong legal standard, "If y'all can figure out a way this woman somehow managed to stab herself 25 times, please acquit and let him go today;"
>
> B. "[Mr. Whitehead] admitted he's a coward."
>
> C. Deliberately misstating the truth by arguing to the jury that it had "absolutely no testimony from anyone that Ms. Land had a weapon," when the prosecutor knew such testimony was given;
>
> D. "[Andrea Howard] didn't want to be here," when there was no such testimony;
>
> E. "You know, the 12 of you will get to decide if we're going to protect women and children in Hinds County against people –," which was an improper "send a message" argument.

ECF No. 1, Petition for Writ of Habeas Corpus.

**Discussion**

Prosecutorial misconduct warrants federal habeas corpus relief only if the conduct is so prejudicial that it renders the trial fundamentally unfair within the meaning of the Due Process Clause of the Fourteenth Amendment. *Darden v. Wainwright*, 477 U.S. 168 (1986). It is not enough that a prosecutor's remarks were merely undesirable or universally condemned. *Id.* at 181. They must have been so prejudicial and the evidence so insubstantial that they rendered the trial fundamentally unfair. *Hughes v. Quarterman*, 530 F. 3d 336, 347 (5th Cir. 2008). Further, it must be shown that "but for the remarks no conviction would have occurred." *Id.*, *quoting Harris v. Cockrell,* 313 F. 3d. 238, 245 (5th Cir. 2002).

In this Circuit, the test for reviewing a claim of prosecutorial misconduct is a two-step analysis. *United States v. Wise*, 221 F.3d 140, 152 (5th Cir. 2000). First, the court must decide whether the prosecutor made an improper remark. This requires consideration of the comment in context. If it is found that an improper remark was made, the second step is to evaluate whether the remark affected the substantive rights of the defendant. To determine if the remark was prejudicial, the court considers the "magnitude of the statement's prejudice, (2) the effect of any cautionary instructions given, and (3) the strength of the evidence of the defendant's guilt." *Id.* at 153.

***Ground One: Prosecutorial comments on Petitioner's right to remain silent.***

In his first claim of prosecutorial misconduct, Petitioner charges the prosecutor violated his right to a fair trial when she informed the jury that he had exercised his right

to remain silent during police interrogation. The record reflects that towards the end of her opening statement, the prosecutor told the jury that Petitioner stopped talking to police after asking whether they had retrieved any fingerprints at the scene:

> PROSECUTOR:[4]  The last thing that you will hear, you will hear from Detective Amos Clinton. He's the detective that handled the case. He is going to testify about the statement that this defendant gave, and the fact that [the defendant] apparently had no knowledge of who Tikeshia Land or Dominique Land was until [the Defendant] asked the Police Department, "did you get any fingerprints." At that point ***he refused to talk to the police after that.***
>
> DEFENSE COUNSEL:  Judge, may we object, please, and approach the bench.[5]

(Emphasis added).

While at the bench, defense counsel argued that the prosecutor had improperly commented on Petitioner's right to remain silent and moved for a mistrial. The prosecutor insisted that she was not commenting on the defendant's right to remain silent, but rather on his refusal to talk about fingerprints; regardless, Petitioner had waived his right to remain silent because he had signed a waiver of rights form. She argued:

> I said he refused to talk ***about*** that, meaning the fingerprints. I did not comment on his constitutional rights to remain silent. This man had already waived his rights, had signed a Miranda form. And only until he asked about fingerprints and the police indicated that they did get fingerprints, he refused to talk about that. That's exactly what I am referring to, fingerprints. Refused to talk about that.

---

[4] For clarity, counsel is identified as either prosecutor or defense counsel rather than by name.

[5] ECF No. 10-2, p. 28, Prosecution's Opening Statement.

7

> So I am not commenting on his constitutional right. He waived any rights once he started to talking to the police. That's what Miranda is for.[6]

(Emphasis added).

Defense counsel argued that Petitioner had the right to invoke his right to remain silent at any time during the questioning and, despite the prosecutor's attempt to explain her remark, the comment was a negative implication about his invocation of his right to remain silent. Counsel's argument is quoted as follows:

> DEFENSE COUNSEL: Excuse me, your Honor. At any time during the course of a police interrogation any criminal defendant in any case has an absolute fundamental constitutional right to stop answering questions without the negative connotation being presented to a jury for his invocation of his rights. Just because he waives his rights doesn't mean he can't invoke them at any point in time. You are well aware of that.
>
> THE COURT: Sure.
>
> DEFENSE COUNSEL: Everyone is well aware of that. If she said he answered these questions then he refused to talk about that, that's an invocation of his right to refuse to answer any more questions. And he has a right to do that without them commenting about that to the jury. That's the objection. That's the improper conduct. That's misconduct.[7]

---

[6] ECF No. 10-2, pp. 32-33.

[7] ECF No. 10-2, p. 33, Prosecution's Opening Statement.

8

Initially, the trial court sustained defense counsel's objection.[8]  But after hearing additional argument from both sides, the court accepted the prosecutor's explanation, overruled defense counsel's objection, and denied the request for a mistrial.[9]

Under clearly established precedent, a suspect may invoke his right to remain silent in any manner at any time before or during the interrogation.  *Miranda v. Arizona*, 384 U.S. 436 (1966).  An accused may also waive his *Miranda* rights and agree to answer questions, but then subsequently reassert the right to remain silent.  Thus, "any waiver, express or implied, may be contradicted by an invocation at any time."  *Berghuis v. Thompkins*, 130 S.Ct. 2250, 2263.  Once a defendant has invoked his right to remain silent, the Due Process Clause prohibits the government from using a defendant's post-*Miranda* silence to create an inference of guilt.  *Doyle v. Ohio*, 426, U.S.  610 (1976).  Although there are circumstances where *Doyle* may not apply,[10] when a prosecutor's comments are designed to draw a negative inference from the defendant's silence, it is a violation of *Doyle*.  *Pitt v. Anderson*, 122 F.3d 275, 280 (5th Cir. 1997).  A *Doyle*

---

[8] ECF No.  10-2, p. 34, Prosecution's Opening Statement.

[9] ECF No.  10-2, p. 39, Prosecution's Opening Statement.

[10] *See, e.g. Anderson v.  Charles*, 447 U.S. 404 (1980)(explaining that *Doyle* bars use of post-*Miranda* silence but that prosecution may fairly probe content of post-*Miranda* inconsistent statements without breaching bar against use of silence); *see also United States v.  Beecham*, 582 F.  2d 898, 906 (5th Cir.  1978) (*en banc*), *cert.  denied*, 440 U.S. 920 (1979) (finding no improper reference to silence under *Doyle* where prosecutor asked why defendant did not give exculpatory statement to police that he offered at trial and holding that prosecutor's statement was "not a comment on Beecham's silence but rather an appraisal of what Beecham said").

9

violation occurs in this circuit if the (1) "prosecutor's manifest intent was to comment on the defendant's silence," or the (2) "character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence." *United States v. Collins*, 972 F. 2d 1385, 1406 (5th Cir. 1992).

Respondent suggests that, when read in context, the prosecutor's statement was not a *Doyle* violation because she had an equally plausible explanation for making it — that she was not referring to the Petitioner's refusal to talk *after* he inquired about fingerprints, but rather, his refusal to talk *about* fingerprints. Under controlling law, if another plausible explanation exists, then this Court may not find that the prosecutor intended to comment on the defendant's silence. *U.S. v. Martinez*, 894 F. 2d 1445, 1451 (5th Cir. 1990). Prosecutorial statements, however, that are "either intended to or have the necessary effect of raising a negative inference simply because of the defendant's exercise of his right to remain silent are prohibited." *Pitt,* 122 F.3d at 280.

In addressing this issue on direct appeal, the Mississippi Court of Appeals noted first that the prosecutor's comment was technically incorrect because, although Petitioner stopped relating his version of what occurred, he continued to talk to the officers. Notwithstanding this fact, the court found "the prosecutor's remark was "not a comment on Whitehead's constitutional right to remain silent, because Whitehead waived this right by signing a waiver of rights form and ***did not subsequently invoke it***." *Whitehead,* 967 So. 2d at 59 (emphasis added). The Court must consider whether the State court's finding

10

that the prosecutor's remark was not improper, was contrary to or an unreasonable application of clearly established federal law.

No Supreme Court decision has directly addressed the question presented by the prosecutor's comments here; that is, whether a defendant's silence in response to law enforcement officials during an interrogation may be admitted with his affirmative answers.  *See Aguirre v. Campbell*, 2009 WL 3365832, at *9 (E.D. Cal. Oct. 16, 2009). But the Supreme Court has recently considered a case that is factually similar.  In *Berghuis v. Thompkins*, 130 S.Ct. 2250, 2260 (2010), the defendant was interrogated for three hours, and though he had remained "largely silent" during the interrogation, he answered some of the officer's questions. *Id.* at 2256-57.  The Court noted that it has "not yet stated whether an invocation of the right to remain silent can be ambiguous or equivocal, but there is no principled reason to adopt different standards for determining when an accused has invoked the *Miranda* right to remain silent and the *Miranda* right to counsel . . . ." *Id.* at 2260.  Thus, the Court ruled that an inculpatory statement made by the defendant during the interrogation was admissible because he had failed to affirmatively and unambiguously invoke his right to remain silent.  The Court did not address, however, whether the defendant's silence in response to some of the officer's questions was also admissible.

Many courts characterize this issue as partial or selective silence and are divided on its admissibility.  While this circuit has never considered the issue, some circuits hold that clearly established law set by the Supreme Court in *Miranda* and *Doyle* allows a suspect to

11

remain silent selectively. The Tenth Circuit has held that clearly established law allows a defendant to remain partially silent by answering some questions and refusing to answer others. *United States v. May*, 52 F. 3d 885, 890 (10th Cir. 1995). The Seventh Circuit has similarly found that a suspect may refuse to answer certain questions and still be confident that *Doyle* will prevent the prosecution from using his silence against him. *United States v. Scott*, 47 F. 3d 904, 907 (7th Cir. 1995). The Ninth Circuit has also held that a person in custody may selectively waive his right to remain silent by indicating that he will respond to some questions, but not others. *United States v. Soliz*, 129 F. 3d 499, 504 (9th Cir. 1997).

Other courts have held a defendant has no right to remain silent selectively. The Eighth Circuit, for example, ruled that a prosecutor's comment on a defendant's silence in response to one question and his refusal to answer any further questions, did not violate *Doyle* because they were in the context of an otherwise admissible conversation. *United States v. Burns*, 276 F.3d 439, 442 (8th Cir. 2002). Likewise, a California state appellate court has stated that "[o]nce a defendant elects to speak after receiving *Miranda* warning, his or her refusal to answer questions may be used for impeachment purposes absent any indication that such refusal is an invocation of *Miranda* rights." *People v. Hurd*, 62 Cal App. 4th 1084, 1086 (Cal.Ct. App. 1998).

Given the disagreement on this issue and the lack of clear Supreme Court precedent, the state court's finding that Petitioner did not subsequently reassert his right to remain silent is not contrary to nor an unreasonable application of *Miranda* and *Doyle*.

*See Campbell*, 2009 WL 3365832 at *11. Even if the court found the prosecutor's comments on Petitioner's silence was a *Doyle* violation, the error was harmless. *Fry v. Pliler,* 551 U.S. 112 (2007). Petitioner's silence was only mentioned once during the opening argument. This single reference throughout the entire trial was not so prejudicial that it likely influenced the jury's decision to convict, in light of the evidence presented at trial.[11]

>   *Ground Two:*     *Trial court's denial of mistrial and other motions based on alleged prosecutorial misconduct.*

In ground two, Petitioner contends the prosecutor committed numerous infractions during her direct examination of State witness Andrea Howard – his girlfriend at the time of the assault. Petitioner contends the errors, which were compounded by the trial court's refusal to grant a mistrial, were so prejudicial that they deprived him of his fundamental right to a fair trial.   Specifically, Petitioner argues the  prosecutor:

- tried to impeach her own witness without laying the proper foundation;
- improperly used the rules of evidence to suggest to the jury that Howard had changed her testimony;

---

[11] The Undersigned notes that a *Doyle* violation may be rendered harmless if the trial court sustains a timely objection, instructs the jury to disregard the question, and gives a curative instruction. *Greer v. Miller*, 483 U.S. 756, 764-65 (1987); *see also United States v. Carter*, 953 F. 2d 1449, 1466 (5th Cir. 1992) (holding curative instruction effective to prevent the prosecutor's misconduct from rendering trial fundamentally unfair.) Though the trial court considered granting a curative instruction in this case, defense counsel objected because he did not want to draw more attention to the error. ECF No. 10-2, pp. 34-36.

- attempted to inflame the passion of the jury by asking if Petitioner liked the police;

- attempted to prejudice the jury by asking whether Petitioner's name was listed on the certificate of title of Howard's car in an effort to suggest he was a deadbeat.

In addition to the above, Petitioner complains the prosecutor also made improper comments to defense counsel when he objected to leading questions:

> DEFENSE COUNSEL: We're going to object to the leading again, your Honor.
>
> PROSECUTOR: Your Honor, did you know. I don't know how much more than a non leading question could that be.
>
> DEFENSE COUNSEL: Well, she's giving the answer in the question and she's asking a yes or no answer. That's about as leading a definition as there is in the Rules of Evidence.
>
> PROSECUTOR: I appreciate the tutorial by [defendant's attorney], but I think I know the Rules of Evidence.[12]

On direct appeal, the state appellate court agreed that the prosecutor's cross examination of Howard violated the rules of evidence, but found the trial court did not abuse its discretion in denying the motion for mistrial. The court also found no resulting prejudice from the comments directed toward defense counsel. *Whitehead*, at 69.

For our purposes here, the mere violation of evidentiary rules does not invoke habeas corpus relief. Federal habeas relief is granted only if the evidentiary rulings violate a specific constitutional right or render the trial fundamentally unfair. *Johnson v. Puckett*, 176 F. 3d 809, 820 (5th Cir. 1999). None of the prosecutor's remarks identified in this

---

[12] ECF No. 10-3, p. 77.

14

ground were so prejudicial that they rendered the trial fundamentally unfair within the meaning of the Fourteenth Amendment. Nor was the evidence so insubstantial that but for the remarks, Petitioner would not have been convicted of assaulting Tikeshia and her daughter. On the contrary, both Tikeshia and her daughter testified that Petitioner attacked them. Other witnesses also testified that they saw a man attacking a woman in the parking lot of the apartment complex. No habeas relief is warranted for this claim.

### *Ground Three: Cumulative Effect of Prosecutorial Misconduct*

Petitioner argues in ground three that he was denied his right to a fair trial because of the cumulative effect of the prosecutor's misconduct during her opening statement and cross-examination of Petitioner. Specifically, he points to the prosecutor's characterization during her opening statement that he was "snooping around" the apartment complex. He also complains of the disrespectful manner in which she cross-examined Petitioner by repeatedly asking the same questions and interrupting his attempts to respond. In reviewing the claim on direct appeal, the state appellate court rejected Petitioner's claim that the prosecutor's cumulative errors were so pervasive that they denied him a fair trial, finding instead that the prosecutor's comments and actions were singular errors that did not rise to the level of reversible error. The court also conceded that the prosecutor was "overzealous," but did not find that her overzealousness impacted the jury's verdict:

> While we concede that the prosecutor was overzealous in her representation of the State, we fail to see how

15

> Whitehead suffered any prejudice.  Several witnesses, in addition to Tikeshia and Dominique, testified that Whitehead was the person they saw chase and stab Tikeshia, and Dominique's testimony alone is sufficient to support Whitehead's conviction for stabbing her.  Thus, there is substantial evidence to support Whitehead's convictions. We cannot say that the prosecutor's overzealousness impacted the jury's verdict.

*Whitehead*, 967 So. 2d at 66.

We cannot find, under the limited scope of AEDPA review, that this decision was contrary to or an unreasonable application of established federal law.  The standard again is not whether the prosecutor's conduct was undesirable or universally condemned, but whether the prosecutor's remarks were improper and "so prejudicial that they render the trial fundamentally unfair."  *Hughes v. Quarterman*, 530 F. 3d at 347.  "Such unfairness exists only if the prosecutor's remarks evince either persistent and pronounced misconduct or . . . the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Id*.  The Court finds that when viewed in context, the prosecutor's suggestion that the Petitioner was "snooping around" merely referenced the fact that Petitioner had been coming around the victim and her family in recent months before the attack.  The Court fails to see how this remark was unfairly prejudicial given the evidence presented by the State.

Furthermore, federal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial if: (1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) the errors were not

16

procedurally defaulted for habeas purposes; and (3) the errors "so infected the entire trial that the resulting conviction violates due process." *Id.* (*quoting Derden v. McNeel*, 978 F. 2d 1453, 1454 (5th Cir. 1992)). When individual errors are not of a constitutional nature, like in this case, there can be no cumulative error under federal law. *See Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007).

### *Ground Four: Prosecutorial misconduct during closing argument*

In his final ground for habeas relief, Petitioner argues he was denied his right to a fair trial because the prosecutor made several prejudicial remarks during her closing statement. Those remarks included telling the jury: (1) that Petitioner admitted he was a coward;[13] (2) that there was "absolutely no testimony from anyone that Ms. Land had a weapon;"[14] (3) that Andrea Howard didn't want to be here, when Howard did not testify to that fact;[15] and lastly, (4) that "if y'all can figure out a way this woman somehow managed to stab herself 25 times, please acquit him and let him go today."[16]

Respondent suggests the Fifth Circuit's holding in *Dowthitt v. Johnson,* 230 F. 3d 733, 355 (5th Cir. 2000), is instructive here. There, the court held that "in the context of closing argument . . . [the prosecutor is not] prohibited from reciting to the jury those

---

[13] ECF No. 10-4, p. 94, Prosecution's Closing Argument.

[14] ECF No. 10-4, p. 94, Prosecution's Closing Argument.

[15] ECF No. 10-4, p. 92, Prosecution's Closing Argument.

[16] ECF No. 10-4, p. 90, Prosecution's Closing Argument.

17

inferences and conclusions she wishes the jury to draw from the evidence so long as those inferences are grounded upon the evidence." This principle, however, can only be fairly applied to the prosecutor's last statement above, because the remaining inferences are not grounded in evidence. That is, (1) Petitioner never testified that he was a coward; (2) Howard never testified that she did not wish to appear at trial, and contrary to the prosecutor's assertions, (3) there was testimony from Petitioner that Land, in fact, had a weapon. The trial court sustained defense counsel's objections on each of these counts and instructed the jury to disregard the prosecutor's remarks.[17] Any prejudicial effect of the remark was mitigated by the trial court's prompt curative instruction and outweighed by the evidence of guilt.

Lastly, Petitioner argues the prosecutor violated his right to a fair trial when she told the jury during closing argument they needed to send a message to the community:

| | |
|---|---|
| PROSECUTOR: | You now, the 12 of you, will get to decide if we're going to protect women and children in Hinds County against people – |
| DEFENSE COUNSEL: | Objection, your Honor. That's improper. We move for a mistrial. |
| THE COURT: | Sustained as to the objection. Denied as to the mistrial. The jury will disregard the last statement.[18] |

The Mississippi appellate court found that while the prosecutor engaged in "clearly improper argument," by using a "send a message"argument, the remarks were not so prejudicial that they affected Petitioner's right to a fair trial, given the overwhelming

---

[17] ECF No. 10-4, pp. 93-94.

[18] ECF No. 10-4, pp. 96-97.

18

evidence of his guilt. *Whitehead*, 967 So. 2d at 66. This finding is not contrary to or an unreasonable application of clearly established federal law. Given the brevity of the comments, the trial court's instruction to disregard the comments, and the overwhelming evidence of guilt, the error was harmless.

## Conclusion

The "touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). The Court agrees that the prosecutor's improper conduct was not so egregious as to render the entire trial fundamentally unfair. Petitioner is therefore not entitled to habeas relief on his claims.

For the reasons discussed herein, it is therefore the recommendation of the undersigned United States Magistrate Judge that the Petition for Writ of Habeas Corpus be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636,Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009).

THIS the 25th day of January 2011.

/s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE