**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**MARCUS WHITEHEAD**                                                                      **PETITIONER**

**VS.**                                          **CIVIL ACTION NO. 3:08-cv-5-WHB-LRA**

**RAYMOND BYRD**                                                                      **RESPONDENT**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Objection of Petitioner, Marcus Whitehead ("Whitehead"), to a Report and Recommendation ("R & R").  As Whitehead is proceeding in this case *pro se*, his pleadings have been liberally construed.  <u>See</u> <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994).  Having considered the R & R, Whitehead's objections thereto, the other pleadings and record in the case, as well as supporting and opposing authorities, the Court finds Whitehead's objections should be overruled, and the R & R should be adopted as the finding of this Court.

**I.  Factual Background and Procedural History**

Whitehead was convicted of two counts of aggravated assault in the First Judicial District of the Circuit Court of Hinds County, Mississippi, and was sentenced to consecutive terms of twenty years on each count.[1]  Whitehead's conviction was affirmed by the Mississippi Court of Appeals on March 27, 2007, and the Mississippi

---

[1]  The aggravated assault charges arose from the November 8, 2003, stabbings of Tikeshia Land and her daughter Dominique Land.

Supreme Court denied certiorari.  See Whitehead v. State, 967 So. 2d 56 (Miss. Ct. App. 2007), cert. denied, October 25, 2007 (Cause No. 2005-CT-01364-COA).

On or about January 3, 2008, Whitehead filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") in this Court.  In his Petition, Whitehead raised the same claims as were raised on the direct appeal of his state court conviction.  On January 25, 2011, United States Magistrate Judge Linda R. Anderson entered a R & R recommending that Whitehead's Petition be denied.  See R & R [Docket No. 17]. The Court now considers Whitehead's Objection to the R & R.

## II.  Standard of Review

A district judge has authority to review a magistrate judge's R & R regarding prisoner petitions, and is required to make a *de novo* determination of any portion of a R & R to which a specific written objection has been made.  See 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b).  See also Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991)("A party is entitled to a de novo review of a magistrate's finding and recommendations only if objections are made to the findings.").  Thereafter, the district judge may accept, reject, or modify the recommendation of the magistrate; receive further evidence in the case; or recommit the matter to the magistrate with further instructions.  Id.

### III.  Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, federal habeas corpus relief cannot be granted on claims that were adjudicated on their merits in a state court proceeding, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### A.  Claim One:

The first claim raised by Whitehead in his Petition is that he was denied his due process right to a fair trial because the prosecutor told the jury that he had stopped answering questions after receiving <u>Miranda</u> warnings.  As explained by Judge Anderson:

> In addressing this issue on direct appeal, the Mississippi Court of Appeals noted first that the prosecutor's comment was technically incorrect because, although Petitioner stopped relating his version of what occurred, he continued to talk to the officers. Notwithstanding this fact, the court found "the prosecutor's remark was "not a comment on Whitehead's constitutional right to remain silent, because Whitehead waived this right by signing a waiver of rights form and **did not subsequently invoke it.**" <u>Whitehead</u>, 967 So. 2d at 59 (emphasis added).  The Court must consider whether the State court's finding that the prosecutor's remark was not improper, was contrary to or an unreasonable application of clearly established federal law.

3

See R & R [Docket No. 17], at 10-11.  Judge Anderson then considered the issue of "whether a defendant's [selective] silence in response to law enforcement officials during an interrogation may be admitted with his affirmative answers."  Id. at 11.  Upon review, Judge Anderson found that Whitehead was not entitled to relief on this claim because, as there is a lack of clear Supreme Court precedent, and as there exists disagreement among various federal and state courts on the relevant issue, "the state court's finding that Petitioner did not subsequently reassert his right to remain silent [was] not contrary to nor an unreasonable application of" federal law.  Id. at 12-13.  Judge Anderson further found that "[e]ven if the court found the prosecutor's comments on Petitioner's silence was a [federal law] violation, the error was harmless" because "Petitioner's silence was only mentioned once during the opening argument[, and] [t]his single reference throughout the entire trial was not so prejudicial that it likely influenced the jury's decision to convict, in light of the evidence presented at trial."  Id. at 13.

Whitehead has objected to the findings in the R & R on his first claim by arguing that the prosecutor's comment regarding his selective silence, which occurred after he had waived his rights under Miranda and initially spoke with police, violated his constitutional rights.  Specifically, Whitehead argues "the moment [Petitioner refused] to speak any further, Miranda was already

4

invoked because the officers had told him he [could] stop answering questions at any time."   See Objection [Docket No. 18], at 21. After reviewing the pleadings, the record, and the authorities cited by Judge Anderson, the Court agrees with her findings that the decision of the Mississippi appellate court was not contrary to, nor an unreasonable application of, federal law[2] and that the prosecutor's reference to Whitehead's silence was not so prejudicial that it likely influenced the jury's decision to convict.  Accordingly, Whitehead's objections with regard to his first claim for relief will be denied, and Judge Anderson's findings with regard to that claim will be adopted by the Court.


**B.  Claim Two:**

    The second claim raised by Whitehead in his Petition is that the trial court abused its discretion when overruling certain objections at trial, and denying his motion for mistrial after the prosecutor's allegedly improper examination of state's witnesses.

---

    [2]  Judge Anderson's findings are also consistent with decisions of the United States Court of Appeals for the Fifth Circuit.  See e.g. United States v. Vargas, 580 F.3d 274, 278 n.2 (5th Cir. 2009)(discussing an "argument that the prosecutor's remarks inadmissibly commented on [the defendant's] post-arrest silence in violation of Doyle v. Ohio, 426 U.S. 610 (1976)", and putting aside this matter by explaining: "But [the defendant] was not silent.  He answered several questions after the Miranda warnings had been given, making fair game both his answers and omissions:  A defendant cannot have it both ways.  If he talks, what he says or omits is to be judged on its merits or demerits.")(internal citations omitted).

With regard to this claim, as explained Judge Anderson:

> On direct appeal, the state appellate court agreed that
> the prosecutor's cross examination of [State witness
> Andrea] Howard violated the rules of evidence, but found
> the trial court did not abuse its discretion in denying
> the motion for mistrial. The court also found no
> resulting prejudice from the comments directed toward
> defense counsel. Whitehead, 967 So. 2d at 69.

Id. at 14.  Upon review, Judge Anderson found:

> For our purposes here, the mere violation of evidentiary
> rules does not invoke habeas corpus relief.  Federal
> habeas relief is granted only if the evidentiary rulings
> violate a specific constitutional right or render the
> trial fundamentally unfair.  Johnson v. Puckett, 176 F.
> 3d 809, 820 (5th Cir. 1999).  None of the prosecutor's
> remarks identified in this ground were so prejudicial
> that they rendered the trial fundamentally unfair within
> the meaning of the Fourteenth Amendment.  Nor was the
> evidence so insubstantial that but for the remarks,
> Petitioner would not have been convicted of assaulting
> Tikeshia and her daughter.  On the contrary, both
> Tikeshia and her daughter testified that Petitioner
> attacked them. Other witnesses also testified that they
> saw a man attacking a woman in the parking lot of the
> apartment complex.  No habeas relief is warranted for
> this claim.

Id. at 14–15.

     In his Objection to Claim Two, Whitehead argues that Judge

Anderson's findings with regard to this Claim should be

reconsidered because she failed to take into account the error

complained of in Claim One.  See Objection, at 26 (arguing that

"Petitioner is presenting a combination of errors as grounds for

relief."  Judge Anderson "held Ground One alone did not provide an

avenue for relief, however, be that as it may, Petitioner argues

that Ground One and Two together shows sufficient grounds for

relief.")(alterations in original).  Having considered the alleged
errors complained of by Whitehead in Ground One and Ground Two, the
Court, like Judge Anderson, finds they were not so substantial
that, but for their having occurred, Whitehead would not have been
convicted.  Accordingly, Whitehead's Objection with regard to his
second claim for relief will be denied, and Judge Anderson's
findings with regard to that claim will be adopted by the Court.


**C.  Claim Three**

The third claim raised by Whitehead in his Petition is that he
was denied a fair trial based on the cumulative effect of
"pervasive improprieties" by the prosecutor during opening
statements and when cross-examining him.  Again, as explained by
Judge Anderson:

> In reviewing the claim on direct appeal, the state
> appellate court rejected Petitioner's claim that the
> prosecutor's cumulative errors were so pervasive that
> they denied him a fair trial, finding instead that the
> prosecutor's comments and actions were singular errors
> that did not rise to the level of reversible error.  The
> court also conceded that the prosecutor was
> "overzealous," but did not find that her overzealousness
> impacted the jury's verdict: "While we concede that the
> prosecutor was overzealous in her representation of the
> State, we fail to see how Whitehead suffered any
> prejudice.  Several witnesses, in addition to Tikeshia
> and Dominique, testified that Whitehead was the person
> they saw chase and stab Tikeshia, and Dominique's
> testimony alone is sufficient to support Whitehead's
> conviction for stabbing her.  Thus, there is substantial
> evidence to support Whitehead's convictions.  We cannot
> say that the prosecutor's overzealousness impacted the
> jury's verdict."

Id. at 15–16 (quoting Whitehead, 967 So. 2d at 66).  Upon review, Judge Anderson found that Whitehead was not entitled to relief on this claim because, first, the decision of the Mississippi Court of Appeals on the underlying issue was not contrary to, or an unreasonable application of, established federal law.  Id. at 16. Judge Anderson further found that because the individual errors about which Whitehead complained were "not of a constitutional nature", there had not been a "cumulative error under federal law." Id. at 17.

In his Objection, Whitehead seemingly argues that Judge Anderson's finding that the complained of errors did not violate federal law was erroneous.  See Objection, at 30 (arguing "it is impossible to hold that the errors presented only violated state law, whereas to enforce a state law and apply its teachings to some cases and not apply it to others clearly is a denial of due process and equal protection of the law.").  Having reviewed the pleadings, the record, and the authorities cited by Judge Anderson, the Court agrees with her findings that the errors about which Whitehead complains were not of a constitutional nature and, therefore, did not result in a cumulative error under federal law.  See e.g. Turner v. Quarterman, 481 F.3d 292, 301 (5th Cir. 2007)(explaining: "[F]ederal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial where (1) the individual errors involved matters of constitutional dimension rather than

mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors so infected the entire trial that the resulting conviction violates due process.")(citations omitted); Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993)(finding that "a habeas petition may not just complain of unfavorable rulings or events in the effort to cumulate errors."). Accordingly, Whitehead's objections with regard to his third claim for relief will be denied, and Judge Anderson's findings with regard to that claim will be adopted by the Court.

**D. Fourth Claim**

The final claim raised by Whitehead is that he was denied a fair trial and due process based on the prosecutor's allegedly impermissible, inflammatory, and prejudicial comments during closing argument. With regard to this claim, Judge Anderson first found that because the trial court had sustained defense counsel's objections, and had instructed the jury to disregard the majority of the prosecutor's improper remarks[3], "[a]ny prejudicial effect of the remark[s] was mitigated by the trial court's prompt curative instruction and outweighed by the evidence of guilt." Id. at 18.

---

[3] The complained of remarks included telling the jury that: (1) Whitehead admitted he was a coward, (2) there was "absolutely no testimony from anyone that Ms. Land had a weapon;" (3) Andrea Howard didn't want to be here, when Howard did not testify to that fact, and (4) "if y'all can figure out a way this woman somehow managed to stab herself 25 times, please acquit him and let him go today." See R & R [Docket No. 17], at 17-18.

As regards the prosecutor's "send a message" argument,[4] Judge Anderson discussed the opinion of the Mississippi Court of Appeals as follows: "The Mississippi appellate court found that while the prosecutor engaged in 'clearly improper argument,' by using a 'send a message' argument, the remarks were not so prejudicial that they affected Petitioner's right to a fair trial, given the overwhelming evidence of his guilt." Id. at 18–19 (citing Whitehead, 967 So. 2d at 66). Upon review, Judge Anderson found the decision of the state appeals court was not contrary to, or an unreasonable application of, clearly established federal law. Judge Anderson further found, "[g]iven the brevity of the comments, the trial court's instruction to disregard the comments, and the overwhelming evidence of guilt, the error was harmless." Id. at 19.

Whitehead has not filed any objection as to Judge Anderson's findings with regard to his Fourth Claim for Relief, and the Court is satisfied that there is no clear error on the face of the record

---

[4]  The complained of "send the message" remark occurred when the prosecutor told the jury, during closing argument, they needed to send a message to the community:

> PROSECUTOR: You now, the 12 of you, will get to decide if we're going to protect women and children in Hinds County against people –

> DEFENSE COUNSEL: Objection, your Honor.  That's improper.  We move for a mistrial.

> THE COURT: Sustained as to the objection.  Denied as to the mistrial.  The jury will disregard the last statement.

with regard to this Claim.  Accordingly, Judge Anderson's finding with regard to the Fourth Claim will be adopted by the Court.

### IV.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Docket No. 17] is hereby accepted and adopted by the Court.  A Final Judgment dismissing this case with prejudice shall be entered this day.

IT IS FURTHER ORDERED that Petitioner's Objection [Docket No. 18] is hereby overruled.

IT IS FURTHER ORDERED that Petitioner's Motion to Re-instate Habeas Petition [Docket No. 14] is hereby granted to the extent his Petition has now been decided by the Court.

IT IS FURTHER ORDERED that a Certificate of Appealability should not issue.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED this the 22nd day of March, 2011.


                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE